**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carol Gold,<br><br>  Petitioner,<br><br>vs.<br><br>Mary Hennessy, Warden,<br><br>  Respondent. | No. CV 04-1252-PHX-JAT<br><br>**ORDER** |

Pending before this Court is Petitioner's Petition for Writ of Habeas Corpus ("Petition"), which was filed on June 17, 2004. (Doc. # 1.) On March 8, 2006, Magistrate Judge Sitver issued a Report and Recommendation ("R&R") in which he recommended that the Petition be denied and dismissed as untimely filed. (Doc. # 17.) On May 5, 2006, Petitioner filed a Notice of Objection to the R&R. (Doc. #23.)

**I.   STANDARD OF REVIEW**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1126 (D.Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"). District

courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added). The Petitioner has filed a Notice of Objection (Doc. # 23), and the Court reviews *de novo* the portions of the R&R to which objections were filed. *See* 28 U.S.C. § 636(b)(1).

The Petition in this case was filed under 28 U.S.C. § 2254 because Petitioner is incarcerated based on a state conviction. With respect to any claims that Petitioner exhausted before the state courts, under 28 U.S.C. §§ 2254(d)(1) and (2) this Court must deny the Petition on those claims unless "a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law"[1] or was based on an unreasonable determination of the facts. *See Lockyer v. Andrade*, 538 U.S. 63, - - -; 123 S.Ct.1166, 1172 (2003). Further, this Court must presume the correctness of the state court's factual findings regarding a petitioner's claims. 28 U.S.C. § 2254(e)(1); *Ortiz v. Stewart*, 149 F.3d 923, 936 (9th Cir. 1998). Additionally, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

## II. FACTUAL AND PROCEDURAL BACKGROUND

The relevant factual and procedural background, for purposes of this Order, is summarized herein. On August 2, 1995, Petitioner was indicted on one count of first degree murder and one count of conspiracy to commit murder arising from the death of Petitioner's

---

[1] Further, in applying "Federal law" the state courts only need to act in accordance with Supreme Court case law. *See Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003) ("In attempting to answer [whether the state court applied Federal law in an objectively reasonable manner], the only definitive source of clearly established federal law under AEDPA is the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. *Williams* [*v. Taylor*], 529 U.S. [362], 412 [(2000)]. While circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court law, *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir.1999), only the Supreme Court's holdings are binding on the state courts and only those holdings need be reasonably applied. *See Williams*, 529 U.S. at 412 ("The . . . statutory language makes clear . . . that § 2254(d)(1) restricts the source of clearly established law to this Court's jurisprudence.").

husband. Petitioner went to trial, and was convicted of both charges: first degree murder and conspiracy to commit murder. Petitioner was sentenced to concurrent terms of life imprisonment on October 15, 1998. Petitioner timely appealed her convictions, and on July 8, 1999, the Arizona Court of Appeals affirmed her convictions and sentence on direct appeal.

Petitioner sought review of the Arizona Court of Appeal's decision. The Arizona Supreme Court granted review and heard oral argument in the Petitioner's case. However, on June 19, 2000, the Arizona Supreme Court issued an order vacating its prior decision granting review, stating that after further consideration the Court determined that the review had been improvidently granted. The Arizona Supreme Court simultaneously vacated review denied the Petition for Review. Subsequently, the Arizona Court of Appeals issued the Order and Mandate on August 9, 2000.

On August 16, 2000, Petitioner filed a Notice of Post-Conviction Relief ("PCR") pursuant to Az.R.Crim.P. 32. Petitioner filed her PCR on June 6, 2001.[2] The trial court denied the PCR on October 17, 2001 on the basis that Petitioner failed to present a colorable claim for post-conviction relief.

Petitioner filed a Petition for Review in the Arizona Court of Appeals on October 29, 2001. The Arizona Court of Appeals denied review on August 30, 2002. On September 30, 2002, Petitioner sought additional time to seek review in the Arizona Supreme Court of the Court of Appeals' denial of her PCR petition. On April 14, 2003, the Arizona Supreme Court granted Petitioner an additional 30 days to file a *pro se* Petition for Review and informed Petitioner that no further continuances would be granted. Petitioner did not file a Petition for Review. The Arizona Supreme Court dismissed Petitioner's action and ordered the case closed on May 20, 2003.

---

[2] Petitioner also filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on June 25, 2001, which was dismissed as premature because of the pending state court proceedings.

- 3 -

On June 24, 2003, the Arizona Court of Appeals issued an order terminating Petitioner's case, citing its August 30, 2002 order denying PCR review and the May 20, 2003 decision of the Arizona Supreme Court terminating Petitioner's case.

On June 17, 2004, Petitioner filed the currently pending federal habeas corpus petition in this district court pursuant to 28 U.S.C. § 2254. (Doc. # 1.) The Respondent answered the Petition on February 25, 2005 (Doc. # 14), and Petitioner replied to Respondent's Answer on March 23, 2005 (Doc. # 16).

### III.   DISCUSSION

#### A.   STATUTE OF LIMITATIONS

In the R&R, Magistrate Judge Sitver recommends that the Petition be denied and dismissed as untimely filed. Because the Petition was filed in 2004, it is governed by the statute of limitations prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"),[3] 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under

---

[3] Further, Petitioner's conviction became final on August 9, 2000. This date is after April 24, 1996, the effective date of the AEDPA.

- 4 -

this subsection.

For purposes of § 2244(d)(1)(A), Petitioner's conviction became final on August 9, 2000, when the Order and Mandate issued from the Arizona Court of Appeals.[4]  Accordingly, AEDPA's statute of limitations began running on the following day, August 10, 2000. The Petition was therefore due on August 9, 2001 absent any statutory or equitable tolling.

The one year statute of limitation is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Artuz v. Bennett*, 531 U.S. 4, 6 (2000). An application for collateral review is pending during all of the time in which a state prisoner is "attempting, through proper use of state court procedures, to exhaust state remedies . . . ." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

On August 16, 2000, Petitioner filed a Notice of Post-Conviction Relief pursuant to Az.R.Crim.P. 32 in the trial court. From August 9, 2000, the date Petitioner's conviction became final, to August 16, 2000 the statute of limitations for Petitioner to file her federal petition for writ of habeas corpus was running. Therefore, 6 days ran against the statute of limitations before being tolled by filing the Notice of PCR. Petitioner's Petition for PCR, filed on June 6, 2001, was summarily denied by the trial court on October 17, 2001. Petitioner then timely sought appellate review of the trial court's decision before the Arizona Court of Appeals on October 29, 2001, and on August 30, 2002, the Arizona Court of Appeals denied review. The statute of limitations for the Petition was tolled from August 16, 2000 to August 30, 2002.

Petitioner's appointed counsel sought additional time from the Arizona Supreme Court to allow Petitioner to file a *pro se* Petition for Review of the Arizona Court of Appeals' decision. On April 14, 2003, the Arizona Supreme Court granted the request and ordered Petitioner to file her *pro se* Petition for Review within 30 days, or by May 14, 2003.

---

[4] The Petitioner does not dispute that judgment became final on August 9, 2000. (Doc. #16 at 4.)

- 5 -

1 Petitioner failed to file a Petition for Review, and on May 20, 2003, the Arizona Supreme
2 Court dismissed Petitioner's case. Respondent correctly argues that because Petitioner failed
3 to file a Petition for Review in the Arizona Supreme Court by the deadline imposed, she is
4 only entitled to statutory tolling until August 30, 2002, when the Arizona Court of Appeals
5 denied review. (Doc. # 14 at 6:11-13.) Petitioner's habeas petition was filed on June 17,
6 2004, and is therefore untimely by 297 days.

7 Petitioner argues in her Objection that she is entitled to statutory tolling until May 20,
8 2003, when the Arizona Supreme Court terminated her case, because she could have filed
9 a Petition for Review. Recently, the United States Supreme Court readdressed whether
10 AEDPA's statute of limitations is tolled during the pendency of a state post-conviction
11 petition. *Evans v. Chavis*, __ U.S. __, 126 S.Ct. 846 (2006). The Court in *Evans* reiterated
12 its position in *Carey v. Saffold*, 536 U.S. 214 (2002), and said, "[i]f the filing of the appeal
13 is timely, the period between the adverse lower court decision and the filing . . . is not
14 counted against the 1-year AEDPA time limit." *Evans*, 126 S.Ct. at 849; *see also Gaston v.*
15 *Palmer*, 417 F.3d 1030, 1036 (9th Cir. 2005) (finding the intervals between a lower court's
16 entry of judgment and the timely filing of a notice of appeal or petition for review in the next
17 court are also tolled). It follows that if a petition is not timely filed, then the interval is not
18 tolled. *Bonner v. Carey*, 425 F.3d 1145 (9th Cir. 2005) (finding Bonner's petition was
19 untimely, therefore "it was never 'properly filed' for purposes of the tolling provision of the
20 [AEDPA]"). Thus, an appeal that is never filed cannot be considered timely; Petitioner
21 cannot reap the benefit of AEDPA's tolling mechanism without actually filing her petition
22 for review of the PCR denial.

23 The Ninth Circuit Court of Appeals has not squarely addressed the issue of whether
24 time for seeking discretionary review is tolled when such review is not eventually sought,
25 however, 28 U.S.C. § 2244(d)(2) only provides statutory tolling for "properly filed" post-
26 conviction relief petitions. The Court is not persuaded that a petition for review that is never
27 filed can be considered "properly filed" within the meaning of § 2244(d)(2). *See Gildon v.*
28 *Bowen*, 384 F.3d 883, 886 (7th Cir. 2004) (finding that a petition that was never filed is not

properly filed within the meaning of § 2244(d)(2)).  Furthermore, even if this Court were to accept Petitioner's argument that AEDPA's statute of limitations was tolled until the Arizona Supreme Court's dismissal on May 20, 2003, Petitioner's federal habeas petition would still be untimely by 34 days.[5]

Petitioner's remaining objections in support of her petition's timeliness are unavailing.[6]  Petitioner argues that AEDPA's statute of limitations is tolled in order to permit her to seek a petition for a writ of certiorari in the United States Supreme Court for the denial of her PCR petition.[7]  Petitioner primarily bases her argument on *Clay v. United States*, 537 U.S. 522 (2003) (holding that a federal prisoner's conviction is not final for purposes of filing a petition for writ of habeas corpus under 28 U.S.C. § 2255 until the expiration of the time to file a petition for writ of certiorari).  Petitioner argues in her Objection that the same analysis applies, and that an additional 90 days should be tolled within which she could have petitioned the United States Supreme Court to review the Arizona Supreme Court's decision terminating her case.  (Doc. #23.)  As a result, Petitioner argues that AEDPA's statute of limitations did not expire until August 17, 2004, rendering Petitioner's June 17, 2004 petition timely.

---

[5] If the Court ended statutory tolling on May 20, 2003 and allowed the statute of limitations to run for one-year (May 20, 2004), then subtracted from that date the 6 days that had previously run, the expiration of the AEDPA's statute of limitations would have been May 14, 2004.  Petitioner's habeas petition was filed on June 17, 2004.

[6] Petitioner's remaining arguments also fail because they are conditioned on this Court statutorily tolling the AEDPA's statute of limitations until May 20, 2003.

[7] The Ninth Circuit has not directly spoken as to whether filing a petition for a writ of certiorari in the United State Supreme Court is a proper part of Arizona's post-conviction relief process.  However, in *White v. Klitzkie*, 281 F.3d 920, 924 (9th Cir. 2002), the court indicated in dicta, over strong dissent, that it was not inclined to consider a petition for writ of certiorari part of the post-conviction process.  *Id.* ("A petition for a writ of certiorari to the United State Supreme Court is simply not an application for state review . . . . The time spent pursuing such a federal writ is not 'time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies'").

- 7 -

1    Petitioner's reliance on *Clay* and its interpretation of 28 U.S.C. § 2255 is misplaced.
2 Petitioner neither is a federal prisoner, nor did she file her federal habeas petition pursuant
3 to 28 U.S.C. § 2255.  Furthermore, *Clay* addresses the date on which a conviction becomes
4 final on *direct appeal*.  Petitioner is making her argument is support of a *collateral* post-
5 conviction relief petition, which is set forth in 28 U.S.C. § 2244(d)(2), yet Petitioner presents
6 her arguments in the context of 28 U.S.C. § 2244(d)(1), which governs direct appeals.[8]  This
7 argument has been considered and wholly rejected by the Ninth Circuit and several other
8 circuits.[9]  Accordingly Petitioner's objection to the R&R is unsuccessful on this ground.

9    In the alternative, Petitioner argued in her Reply to the Government's Response to the
10 Petition that Az.R.Crim.P. 31.19(a) provides 30 days to seek review of the Arizona Supreme
11 Court's order terminating Petitioner's case.  (Doc. # 16 at 7.)  However, Rule 31.19 provides
12 time for review of an adverse decision of the Arizona Court of Appeals and not a decision
13 of the Arizona Supreme Court.  Because the Petitioner did not file a Petition for Review, the
14 interval between the Arizona Court of Appeals' adverse determination and the time provided

---

[8] *Gildon v. Bowen*, 384 F.3d 883, 885-86 (7th Cir. 2004), specifically address Petitioner's argument, namely that *Clay* requires AEDPA's statute of limitations to be tolled during the time when a petitioner could have, but did not file a petition for a writ of certiorari for the denial of their post-conviction relief petition.  The Seventh Circuit flatly rejected the argument, citing the dissimilarities between 28 U.S.C. § 2244 and § 2255.

[9] *See White v. Klitzki*, 281 F.3d 920, 924 (9th Cir. 2002) (finding the petitioner is not entitled to statutory tolling under § 2244(d)(2) for the time during which he could have filed a petition for a writ of certiorari).  *See also Snow v. Ault*, 238 F.3d 1033, 1035-36 (8th Cir. 2001) (concluding that § 2244(d)(2) does not toll the statute of limitations for the 90 day period); *Isham v. Randle*, 226 F.3d 691, 695 (6th Cir. 2000) (finding a petition for certiorari is neither state post-conviction relief nor other state collateral relief under § 2244(d)(2)), *cert denied*, 531 U.S. 1201; *Guitierrez v. Schomig*, 233 F.3d 490, 492 (7th Cir. 2000) (concluding that the 90 days is not tolled because the petitioner never filed a petition for certiorari review in the Supreme Court); *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999) (distinguishing the tolling provision in § 2244(d)(2) from § 2244(d)(1)(A) as not taking into account the time to file a petition for a writ of certiorari), *cert denied*, 528 U.S. 1084 (2000); *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (finding that § 2244(d)(2) does not toll the limitations period from the time of denial until the time in which a petitioner could have petitioned the United States Supreme Court for certiorari).

1  to Petitioner to file her PCR review in the Arizona Supreme Court is not tolled.  Thus from
2  the date of the Arizona Court of Appeals decision, August 30, 2002, under the AEDPA's
3  statute of limitations, Petitioner had 365 days (less the 6 days that had already run) to file her
4  Petition. 359 days later on August 24, 2003, the deadline ran.  Accordingly, the Petition filed
5  on July 17, 2004 was 297 days late.

### B. EQUITABLE TOLLING

7  The R&R also recommends that equitable tolling be denied.  For Petitioner to be
8  entitled to equitable tolling, she must show that there were extraordinary circumstances
9  beyond her control made it impossible for her to file timely.  *See Calderon v. United States*
10 *District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997) *overruled in part on other*
11 *grounds by Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998)
12 (en banc).

13 Petitioner claims in her objections that a lack of legal assistance and inability to access
14 funds  amount to extraordinary circumstances.  This Court agrees with the R&R that lack of
15 legal assistance and lack of money do not amount to extraordinary circumstances justifying
16 tolling the statute of limitations. *See Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).
17 Further, the miscalculation of a deadline is not the type of extraordinary circumstance that
18 warrants equitable tolling. *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001).

19 *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005), specifically forecloses the
20 possibility of equitable tolling based on Petitioner's pro se status alone, absent other
21 extraordinary circumstances which are not demonstrated in this case.  The Petitioner has
22 failed to show "that some extraordinary circumstances stood in [her] way." *Pace v.*
23 *DiGuglielmo*, 544 U.S. 408, 418 (2005).  Accordingly, the Petition will be denied equitable
24 tolling.

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that the Court overrules Petitioner's objections (Doc. # 23) and accepts the Report and Recommendation (Doc. # 17);

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (Doc. #1) is denied, terminating this case; and the Clerk of the Court shall enter judgment accordingly.

DATED this 30th day of May, 2006.

James A. Teilborg
United States District Judge